UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA CINTRON,<br><br>                    Plaintiff,<br><br>-against-<br><br>ALBERT EINSTEIN COLLEGE OF MEDICINE AND JOSEPH BEN-ARI,<br><br>                    Defendants. | CIVIL ACTION NO:<br>1:21-cv-06256 (JGK)<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

JOHN G. KOELTL, U.S.D.J.:

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic or competitively sensitive information produced or disclosed in connection with discovery or other proceedings in this action (the "Action");

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of a protective order in this Action;

IT IS HEREBY ORDERED that any person subject to this Order — including, without limitation, the Parties (including their respective corporate parents, affiliates, successors, and assigns), each Party's representatives, agents, experts, and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. This Order governs the handling of documents, data, electronically stored information ("ESI"), interrogatory answers, responses to request for admission, deposition testimony, deposition exhibits, the information contained or disclosed in any of the above, or any

other information provided or produced by either of the Parties or any third parties (hereinafter collectively referred to as "Litigation Material"). The term "document" or "documents" shall have the widest meaning accorded to it under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and the Individual Rules of this Court, and includes all writings, drawings, graphs, charts, photographs, phonorecords, e-mails, computer disks, compact discs, video tapes, audio tapes, microfiche, microfilm, data, ESI, and any other data compilations from which information can be obtained.

2. All Litigation Material produced or provided in this Action, regardless of whether or how designated under the terms of this Order, shall be used by the Party to which such information is produced (the "Receiving Party") solely for the prosecution or defense of the Action, unless that information is or has become publicly available without a breach of the terms of this Order, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose. Nothing in this Order shall affect or restrict the rights of any Party with respect to its own documents or information produced or provided as Litigation Material in this Action.

3. Any Party or person producing or disclosing Litigation Material (the "Producing Party") may designate as "Confidential" any Litigation Material, or portion thereof, that the Producing Party (1) reasonably believes has not been publicly disclosed and (2) contains or refers to information that the Producing Party has determined, in good faith, contains or refers to:

    a. Company security matters;

    b. Information concerning ownership or control of any non-public company;

    c. Current or future business plans, marketing plans, relationships, and/or financial status;

      d.      Non-public, highly sensitive commercial, research or technical information;

      e.      Patient records or other documents identifying a patient and medical information about that patient;

      f.      Any information of a personal or intimate nature regarding any individual, including employment records of any individual not a party to this matter;

      g.      Any other category of information hereinafter given confidential status by the Court.

4.      The Producing Party shall designate "Confidential" Litigation Material (other than deposition exhibits and transcripts) by stamping or otherwise clearly marking "Confidential" (as applicable) on each applicable page or portion thereof, in a manner that will not interfere with legibility or audibility. In the case of data stored in electronic form, the applicable legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data are stored.

5.      Any Party or third-party (including through counsel) may designate deposition exhibits or portions of deposition transcripts as "Confidential" by either: (a) indicating on the record during the deposition that a question calls for confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Litigation Material Governed by Protective Order"; or (b) notifying the stenographer and counsel of record for the Parties, in writing, within thirty (30) days after the transcript of any deposition has been received by the Party producing the witness or the third-party deponent (as applicable), of the specific pages and lines of the transcript that are to be designated "Confidential" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or control as directed by the designating party or its

counsel. During the 30-day period following receipt of the deposition transcript, all Parties will treat the deposition transcript as if it had been designated "Confidential."

6. If at any time before the trial of this action a Party realizes that it should have designated as "Confidential" some portion(s) of Litigation Material that it previously produced, the Party may so designate such material by apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such portion(s) of the Litigation Material as so designated.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Litigation Material that is designated "Confidential," and all copies, excerpts, or summaries thereof, may be disclosed, revealed, or otherwise made known to only the following persons:

    a. Employees of the Parties that are actively participating in the prosecution or defense of the action, to the extent deemed reasonably necessary;

    b. In-house counsel of the Parties;

    c. Outside counsel retained specifically for this action, including any paralegal, clerical, or other support personnel that such outside counsel employs and assigns to this matter;

    d. Outside vendors and litigation support providers (such as copy-service providers and document-management consultants) that the Parties or counsel hire and assign to this matter;

e. As to any document, its author, its addressee(s), and any other person(s) indicated on the face of the document as having received a copy;

f. Any witness whom counsel for a Party believes in good faith may be called to testify at trial or deposition in this action;

g. Experts and consultants retained by a Party or by counsel for a Party;

h. Stenographers and videographers engaged to record depositions in this action;

i. Any alternative dispute resolution provider that the Parties engage in this matter or that this Court appoints; and

j. The Court, including any appellate court, court support personnel, jurors, and court reporters.

9. Before disclosing any Litigation Material designated as "Confidential" to any person referred to in subparagraphs 8(a), 9(d), 9(f), 9(g) or 9(i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Litigation Material designated as "Confidential" that is disclosed to the Court must be filed under seal, in accordance with the procedures described in Section I.C.3 of this Court's Individual Rules and Procedures for Civil Cases.

11. Nothing in this Order will prevent any Receiving Party that receives Litigation Material designated as "Confidential" in this action from producing any such Litigation Material

5

(1) in its possession in response to a lawful subpoena or other compulsory process, or (2) if required to produce such material by law or by any government agency having jurisdiction, provided that such Party gives written notice to counsel of record for the Producing Party as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. In the event that the Producing Party determines to seek a protective order or other remedy, the Receiving Party, and any relevant authorized recipient, will not oppose the Producing Party's seeking such protective order or other remedy, provided the terms of the protective order the Producing Party seeks will not narrow the scope of this Order. In the event that such protective order or other remedy is not obtained and disclosure of the Litigation Material designated as "Confidential" is required under law, or the Producing Party grants a waiver hereunder, the Receiving Party and/or the relevant authorized recipient, as the case may be: (i) may, without liability hereunder, furnish that portion (and only that portion) of the Litigation Materials which the Receiving Party and/or the relevant authorized recipient, is legally required to disclose; and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded the Litigation Materials so furnished.

12. Each person who has access to Litigation Material designated as "Confidential" pursuant to this Order must take all due precautions to prevent unauthorized or inadvertent disclosure of such material.

13. No Party to this Action is obliged to challenge the protected status of any Litigation Material designated as "Confidential" at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that the Receiving

6

Party seeks to challenge the appropriateness of the confidentiality designation of any Litigation Material, such Party shall confer in good faith with the Producing Party in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the Receiving Party may seek an order requiring the de-designation or re-designation, or permitting disclosure, of the challenged Litigation Material. The Receiving Party shall give no less than ten (10) business days written notice to counsel of record for the Producing Party before seeking such an order, identifying (with as much specificity as is practicable) the Litigation Material that counsel contends is not entitled to protection. Any Litigation Material as to which such a motion is made shall continue to be treated as "Confidential" until the Court rules or the motion is otherwise resolved. With respect to any such dispute, the Producing Party shall have the burden of establishing that the Litigation Material subject to such dispute is entitled to the designated confidential treatment under the terms, conditions, and restrictions of this Order.

14. If Litigation Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is nevertheless inadvertently produced by a Producing Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Litigation Material is privileged or otherwise protected from disclosure.

    a. If a Party discovers through any means that it has inadvertently produced materials that are subject to a claim of privilege, the Producing Party may provide written notice to counsel of record for the Receiving Party that the material was inadvertently produced, which notice shall include a statement of the basis for the Producing Party's contention that the material is

7

        privileged. This written notice shall be deemed to comply with the Producing Party's obligation to take reasonable steps to rectify disclosure pursuant to Federal Rule of Evidence 502(b)(3), and the parties hereby incorporate the procedures and protections of Federal Rule of Evidence 502, including subpart (d).

b.    If a claim of inadvertent production is made pursuant to this paragraph by a Producing Party with respect to Litigation Material then in the custody of the Receiving Party, the Receiving Party shall promptly return to the Producing Party that Litigation Material within its possession, custody or control as to which the claim of inadvertent production has been made. In addition, the Receiving Party shall destroy all notes or work product reflecting the contents of such Litigation Material promptly after receiving notice of the claim of inadvertent production, and shall not use such Litigation Material, or the information contained therein, for any purpose in the Action or in any other action; provided, however, that, in the event the Receiving Party objects to any such privilege claim, counsel for the Receiving Party shall be permitted, in lieu of destroying any notes or work product reflecting the contents of such Litigation Material, to set aside any such materials in a secure place and manner that prevents (or, if applicable, redact such materials in a manner that prevents) the purportedly privileged information from being further disclosed or reviewed until the Court issues a ruling on the privilege claim.

c. Notwithstanding the foregoing, if a Receiving Party receives notice of an inadvertent production, it shall have five (5) business days to give written notice to counsel of record that it challenges such assertion. If the Receiving Party does not challenge the assertion of privilege within the five-business-day period, it will be deemed to have waived its claim that the material is not privileged. If the Receiving Party gives notice that it challenges the assertion of privilege within the five-business-day period, the Producing Party shall have ten (10) business days from the date of the notice of challenge to apply to the Court to resolve the dispute. If the Producing Party fails to apply to the Court within the ten-business-day period, it will be deemed to have waived its claim of inadvertent production. The produced material at issue shall be returned by the Receiving Party until the resolution of the dispute. If the Court determines — or the Parties otherwise agree — that the disputed material is not privileged, the Producing Party shall return such material immediately.

d. Nothing in this paragraph shall increase or diminish the rights of a Party to contest, or the manner in which such Party may contest, such privilege claim to the extent and in the manner permitted by law.

15. Within sixty (60) days of the final disposition of this action, including all appeals, all recipients of Litigation Material designated as "Confidential" must either return such material, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, by the sixty-day deadline, each recipient of Litigation Material designated as "Confidential" must certify its return or destruction

9

by submitting a written certification to the Producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms or means of reproducing or capturing any of the Litigation Material designated as "Confidential". Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Litigation Material designated as "Confidential". Any such archival copies that contain or constitute Litigation Material designated as "Confidential" remains subject to this Order.

16. This Order will survive the termination of this litigation and will continue to be binding upon all persons to whom Litigation Material designated as "Confidential" is produced or disclosed.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. This Order shall become effective as a stipulation among the Parties immediately upon its execution, and may be executed in counterparts and by facsimile.

19. Counsel executing this Order warrant and represent that they are authorized to do so on behalf of themselves and their respective clients.

SO STIPULATED AND AGREED.

/s/ Katherine Gabriel
Katherine Gabriel
LAW OFFICES OF WYATT & ASSOCIATES
17 Elm Street, Suite C211
Keene, NH 03431

Helene R. Hechtkopf
Fiona M. Carmody
HOGUET NEWMAN REGAL &
KENNEY, LLP
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165

Dated: February 23, 2022

SO ORDERED:

_/s/ John G. Koeltl_
John G. Koeltl
United States District Judge

2/23, 2022

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

*So ordered.*
*JG Koeltl*
*U.S.D.J.*
*2/23/22*

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA CINTRON,<br><br>                        Plaintiff,<br><br>-against-<br><br>ALBERT EINSTEIN COLLEGE OF MEDICINE AND JOSEPH BEN-ARI,<br><br>                        Defendants. | CIVIL ACTION NO:<br>1:21-cv-06256 (JGK)<br><br><u>NON-DISCLOSURE<br>AGREEMENT<br>(EXHIBIT A)</u> |

I, _____, acknowledge that I have read and understand the attached Protective Order governing the use and disclosure of Litigation Material in this Action, including, without limitation, Litigation Material that has been designated "Confidential". I agree that I will abide by the Protective Order's terms, and that at the conclusion of the Action I will return all Litigation Material to the Party or attorney from whom I received it. By acknowledging my obligations under the Protective Order, I understand and agree that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of adjudicating any issue or dispute arising hereunder, and further understand that my violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____         _____
                                                                                     Name
                                                                                      Company
                                                                                      Address