```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANDA CINTRON,

                Plaintiff,

-against-

ALBERT EINSTEIN COLLEGE OF MEDICINE et al,

                Defendants.

**OPINION AND ORDER**

**1:21-CV-06256 (JGK)(KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

    Before the Court is Defendants' motion, pursuant to Federal Rule of Civil Procedure 36(b), to amend their response to Plaintiff's Requests for Admission ("RFA") No 2. (ECF No. 47.) Defendants state that it has come to their attention in light of sworn deposition testimony from two witnesses that their response to RFA No. 2 was inaccurate, and they request permission to amend the response to ensure it accurately reflects the facts. (*Id.*) Plaintiff opposes the request. (ECF No. 49.)

    For the reasons stated below, Defendants' motion to amend their admission in response to RFA No. 2 is GRANTED.

## BACKGROUND

    Plaintiff's RFA No. 2 requested that Defendants admit that Plaintiff "disclosed to Ben-Ari, Tartarone, Cancellieri, and Cotton, prior to her termination," that she suffers from certain specified health conditions. (ECF No. 47.) Defendants responded on May 9, 2022, that "Defendants admit that at a meeting taking place between the Plaintiff, Ms. Tartarone, and Mr. Ben-Ari on December 23, 2019, Plaintiff stated that she had lupus." (*Id.*)

1

Also on May 9, 2022, Plaintiff deposed Mr. Ben-Ari, and asked him about the December 23, 2019 meeting.  Mr. Ben-Ari testified under oath that he did not recall being at the meeting and that he had "no recollection of being informed that Mrs. Cintron . . . had lupus at any time of her tenure as an employee." (*Id*.)  Plaintiff's counsel showed Mr. Ben-Ari Defendants' admission in response to RFA No. 2, and Mr. Ben-Ari stated that this admission was "inconsistent with" other documents indicating that he, in fact, was not at the December 23, 2019 meeting, and that the response did not "clarify" his memory about attending the meeting or learning of Plaintiff's lupus at any time.  (ECF No. 47-1.)

At the deposition of Ms. Tartarone on July 25, 2022, Ms. Tartarone similarly testified under oath that Mr. Ben-Ari was not at the December 23, 2019 meeting. (ECF No. 47 at 1.)

Defendants filed a letter motion on July 27, 2022, requesting permission to amend the admission to accord with the deposition testimony of Mr. Ben-Ari and Ms. Tartarone.

The deadline for the parties to complete fact discovery is September 9, 2022.

## DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure permits a party to request admissions from other parties.  *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014).  An admission under Rule 36 is akin to "a stipulation drafted by counsel for use at trial," and it has "a conclusively binding effect" for purposes of the pending action, "unless the admission is withdrawn or amended."  Fed. R. Civ. P. 36(b) Advisory Committee Note.  The Court may permit withdrawal of or amendment to an admission if doing so would (1) "promote the presentation of the merits of the action[,]" and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).

The first prong, promotion of the merits, is met where the withdrawal of or amendment to the admission will "assist in the presentation of evidence on any claim or defense" in the action. *Boyd v. Does It Even Matter, LLC*, 2021 WL 7209779, at *4 (E.D.N.Y. Apr. 8, 2021) (permitting withdrawal of admission directed toward the issue of damages). This prong is met here because the admission in question bears upon a disputed factual issue in the case: whether Mr. Ben-Ari knew Plaintiff had lupus. This case is still in the discovery stage and the parties have not yet presented legal arguments on the merits, but Mr. Ben-Ari's knowledge regarding Plaintiff's disability might be an element Plaintiff needs to prove to show he discriminated against her. *See Woodman v. WWOR-TV, Inc.*, 293 F. Supp. 2d 381, 386 (S.D.N.Y. 2003) (explaining that an employer's knowledge of an employee's "protected status" plays a "critical role" in raising an inference of discrimination), *aff'd*, 411 F.3d 69 (2d Cir. 2005). Defendants have shown that their admission may not accurately reflect the facts, and the factual dispute should be decided on the merits, not on a technicality. *See Chartwell Therapeautics Licensing LLC v. Citron Pharma LLC*, 2018 WL 3442542, at *4 (E.D.N.Y. July 17, 2018) (permitting amendment to the admission where it appeared the admission did not accurately reflect the facts, and explaining that the disputed issue should not be decided "on a technicality").

Plaintiffs argue this prong is not met because there is "clear evidence" that Mr. Ben-Ari was in fact at the meeting in question, and thus the issue is not disputed. (ECF No. 49 at 2.) However, the "clear evidence" Plaintiff refers to is her own testimony, and this evidence is

3

contradicted by testimony of Mr. Ben-Ari[1] and Ms. Tartarone. The conflicting testimony, without more, makes this the textbook definition of a disputed issue. *See Saborit v. Harlem Hosp. Ctr. Auxiliary, Inc.*, 2021 WL 1063241, at *3 (S.D.N.Y. Mar. 19, 2021) (denying summary judgment where Plaintiff's testimony was disputed by testimony from Defendants, and explaining that "no party's testimony should be assumed to be more self-serving than another's"). Moreover, Mr. Ben-Ari's testimony indicates that there are also documents supporting the notion that he was not at the meeting. Accordingly, the first prong—promotion of the merits—is met.

As to the second prong, Rule 36(b) "does not require that a withdrawal not prejudice the requesting party, for withdrawal of a deemed admission will almost always be to the requesting party's detriment." *River Light V, L.P.*, 837 F.R.D. at 63. "Something more is required" to show prejudice, such as "the special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id.* (citations omitted).

Here, the Court is not persuaded that Plaintiff would be prejudiced in litigating the action on the merits if Defendants amend the admission. This action is still in the discovery stage, and Plaintiff has plenty of time to obtain any additional evidence if needed. *See, Citron Pharma LLC*, 2018 WL 3442542, at *5 (finding no prejudice in permitting amendment to

---

[1] Plaintiff argues Mr. Ben-Ari did not actually contest that he attended the meeting, but merely stated he did not recall being there. This argument stretches the facts: Mr. Ben-Ari not only testified that he had no memory of being at the meeting, but also that documents he reviewed at his deposition indicated that he, in fact, was not at the meeting, and that reviewing Defendants' admission that he was at the meeting did not "clarify" his memory about attending the meeting or learning of Plaintiff's lupus. (ECF No. 47-1.) In other words, Mr. Ben-Ari denied being at the meeting. To find otherwise would be to place form over substance.

4

admission where no trial date had yet been set and the non-moving party would be able to pursue further discovery on the issue).

Plaintiff argues that she would be prejudiced if Defendants' motion is granted because she has relied to her detriment on the admission, including by taking four depositions that were structured in part by the knowledge that Defendants had made the admission, and by declining to move to compel production of certain documents that would shed light on the issue.  (ECF No. 49 at 1, 3.)  In short, Plaintiff argues that had she known Defendants were disputing that Mr. Ben-Ari knew of Plaintiff's disability, she would have acted differently during discovery.  (*Id.* at 3.)  Plaintiff's argument of reliance does not hold water, because Mr. Ben-Ari's May 9, 2022 testimony that he did not know about Plaintiff's disability should have been enough to alert Plaintiff that Defendants in fact were disputing whether Mr. Ben-Ari knew of Plaintiff's disability.  Indeed, Plaintiff was put on notice at the same time as Defendants that Mr. Ben-Ari's sworn testimony contradicted the admission.

That said, to the extent Defendants have in their possession, custody, or control any calendar entries relating to the December 23, 2019 meeting that they have not yet produced, such entries are clearly relevant and must be produced.  Moreover, if Plaintiff believes Defendants have failed to produce any other relevant documents, Plaintiff shall, in accordance with my rules, meet and confer with Defendants in an effort to resolve the dispute, and if needed, submit a letter-motion explaining the dispute and requesting a conference.  The Court will endeavor to resolve the issue during a conference without the need for formal briefing.

Plaintiff also argues that Defendants' delay in bringing this motion is itself a sufficient reason to deny their motion because, she argues, Rule 36(b) incorporates Rule 16's "good

cause" standard, pursuant to which a motion should be denied if the moving party neglected to bring it in a timely fashion.  (ECF No. 49 (citing *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir.2004) and *Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp. 2d 254, 264-65 (D. Mass. 2008)).  This completely misstates the law.  Rule 16 only establishes a "good cause" standard for modification of a trial scheduling order, *not* for modification of an admission.  This is clear from Plaintiff's cases, which both applied the "good cause" standard only in relation to the modification of a trial scheduling order.  *O'Connell*, 357 F.3d at 155; *Zimmerman*, 529 F. Supp. 2d at 265.  More significantly, numerous courts in this Circuit have expressly rejected Plaintiff's argument and have held that in considering a Rule 36(b) motion, courts "are not required to" consider whether the moving party had good cause for delay.  *River Light V, L.P.*, 299 F.R.D. at 64 (collecting cases); *see also Triano v. Barone*, 2015 WL 13879879, at *6 (S.D.N.Y. May 15, 2015) (explaining Rule 36(b) "does not include an excusable neglect requirement"); *Williams v. Boulevard Lines, Inc.*, 2013 WL 1180389, at *8 (S.D.N.Y. Mar. 12, 2013) (holding that allegations of delay are not sufficient to establish prejudice for purposes of Rule 36(b)).

    Finally, Plaintiffs argue that Defendants' motion to amend their response is a bad faith attempt to revise their litigation strategy, and that allowing them to do so now would "betray the underlying purpose of Rule 36 to allow withdrawal of these admissions when discovery has been conducted and motions have been prepared in reliance on a particular legal theory."  (*Id.* (citing *Zimmerman*, 529 F. Supp. 2d at 264-65).  However, unlike in *Zimmerman*, discovery has *not* been fully conducted, and no motions have been prepared in reliance on a particular legal theory.  *Zimmerman* concerned a motion to withdraw admissions after discovery had closed, a class certification motion had been filed, and a pre-trial order had been set, and where the

admission in question concerned a legal issue that defendants had already fought and lost in the First Circuit (the legal issue being whether defendants were Credit Repair Organizations for purposes of the Credit Repair Organizations Act). 529 F. Supp. 2d at 264-65. The court found that it would be prejudicial to plaintiffs to allow defendants to concede the legal issue throughout discovery and for purposes of plaintiff's class certification motion, but then contest the issue after the close of discovery and once a trial date was set. *Id.* at 265. Contrasting this case to the facts in *Zimmerman* only emphasizes the lack of prejudice here.

## **CONCLUSION**

Defendants' motion at ECF No. 47 is GRANTED, and Defendants may amend the admission in question to reflect that they do not admit that Mr. Ben-Ari attended the December 23, 2019 meeting.

Additionally, Defendants are directed to produce, by **Friday, August 19, 2022**, all calendar entries in their possession, custody, or control relating to the December 23, 2019 meeting.

SO ORDERED.

Dated: August 5, 2022
New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge